UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AVIS ROBINSON o/b/o E.R., a minor                                              PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:21-CV-153-DPJ-FKB

KILOLO KIJAKAZI, Commissioner of the                                         DEFENDANT
Social Security Administration

ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge F. Keith Ball.  Plaintiff Avis Robinson filed a claim for supplemental security income on behalf of her adopted minor child ("E.R."), alleging disability due to Attention Deficit Hyperactivity Disorder and speech issues.  Her claim was denied, and, after a hearing, an administrative-law judge (ALJ) issued a decision finding that the child is not disabled.  The Appeals Council denied review, and Plaintiff, proceeding pro se, appealed to this court pursuant to 42 U.S.C. § 405(g).  Judge Ball recommends affirming the Commission's decision.

Robinson challenged the ALJ's functional-equivalence analysis.  *See* R&R [21] at 8; Pl's Mem. [17] at 1–3.

> This analysis consists of an assessment of the child's function with respect to six domains:  (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b).  The ALJ will make a finding of functional equivalence only if the child has marked limitations in two domains or an extreme limitation in one domain.  20 C.F.R. § 416.926a(d).

R&R [21] at 2.  The ALJ found only one limitation—a "less than marked" limitation in the domain of interacting and relating with others.  *Id.* at 7.

Judge Ball reviewed the ALJ's analysis "to determine[e] whether substantial evidence supports the ALJ's decision and whether the correct legal standard was applied." *Id.*  The

substantial-evidence standard requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schofield v. Saul*, 950 F.3d 315, 320 (5th Cir. 2020). Judge Ball determined that, as to the attending-and-completing-tasks domain, the ALJ's no-limitation conclusion was not supported by substantial evidence, but, as to the remaining five domains, he found that the ALJ's judgments were sufficiently supported. R&R [21] at 8–11. He recommends affirming the decision of the Commissioner, reasoning that the lone deficiency does not warrant reversal:

> This court has previously determined that where an ALJ's finding as to one domain is not supported by substantial evidence, a finding of non-disability may be affirmed if the plaintiff cannot show prejudice as a result of the ALJ's mistaken finding. *Beasley v. Astrue*, 2012 WL 4369742 (S.D. Miss. 2012). In the present case, given the ALJ's findings as to the other domains, only a finding of an extreme limitation in this area could have resulted in a finding of disability. The evidence of E.R.'s general success with his schoolwork when following his medication regimen does not support a finding of an extreme limitation in the area of attending and completing tasks. Thus, the ALJ's failure to find any limitation in this area constitutes harmless error.

*Id.* at 10–11.

Robinson has not filed an objection to Judge Ball's Report and Recommendation, and the time to do so has lapsed. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court adopts Judge Ball's well-reasoned recommendation in full. A separate judgment will be issued pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 28th day of July, 2022.

                                           s/ *Daniel P. Jordan III*
                                           CHIEF UNITED STATES DISTRICT JUDGE